UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

_____

**MAERSK AGENCY U.S.A., INC., AS AGENT** :
**FOR CARRIER MAERSK LINE A/S dba** :
**MAERSK LINE** :
                                        :
                        Plaintiff,      :
            vs.                         :
                                        :
**HUATAI USA LLC; PAPER SALES USA** :
**INC.; and, RECYCLING PAPER PARTNERS** :
**OF PENNSYLVANIA, LLC a/k/a RECYCLING** :
**PAPER PARTNERS OF PA LLC; j/s/a** :          **CIVIL COMPLAINT**
                                        :          <u>**CONTRACT**</u>
                        Defendant(s).   :
_____X

PLEASE TAKE NOTICE that Plaintiff,Maersk Agency U.S.A., Inc., as agent for carrier

Maersk Line A/S dba Maersk Line, by and through its counsel, Bryan D. Press, as and for a

Complaint against Defendants, Huatai USA LLC; Paper Sales USA Inc., and, Recycling Paper

Partners of Pennsylvania, LLC a/k/a Recycling Paper Partners of PA LLC; jointly, severally, or in

the alternative ("j/s/a"), allege, upon information and belief, as follows:

<u>**JURISDICTIONAL ALLEGATIONS**</u>

1.      The jurisdiction of this Court is founded on the admiralty or maritime

character of the claim as more fully appears herein. This is an admiralty or maritime claim within

the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      This is also a claim arising out of a civil case of admiralty and maritime

jurisdiction pursuant to 28 U.S.C. §§1333.

3.      Further, as the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, plaintiff submits that Federal Jurisdiction is established based upon Diversity of Jurisdiction, and, a controversy exceeding the sum of $75,000.00.

## VENUE

1.      This Court has venue over this matter because both plaintiff and defendant(s) reside and/or do business within the United States of America, and/or, the contract between the parties is governed by the laws of the United States of America.

## PARTIES

1      Plaintiff, Maersk Agency U.S.A., Inc., as agent for carrier Maersk Line A/S dba Maersk Line, is a corporation duly organized and existing and registered in the State of New Jersey pursuant to the laws of the State of New Jersey, with offices and a principal place of business located at 180 Park Avenue, Florham Park, New Jersey 07932.

2.      Defendant, Huatai USA LLC, is a corporation duly organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, with offices and a principal place of business located at Five Tower Bridge, 300 Barr Harbor Dr, Ste 230, West Conshohocken, Pennsylvania 19428.

3.      Defendant, Paper Sales USA Inc., is a corporation duly organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, with offices and a principal place of business located at Five Tower Bridge, 300 Barr Harbor Dr, Ste 230, West Conshohocken, Pennsylvania 19428.

4.      Defendant, Recycling Paper Partners of Pennsylvania, LLC a/k/a Recycling Paper Partners of PA LLC, is a corporation duly organized and existing pursuant to the laws of the

Commonwealth of Pennsylvania, with offices and a principal place of business located at Five Tower Bridge, 300 Barr Harbor Dr, Ste 230, West Conshohocken, Pennsylvania 19428.

5.      Based on knowledge, information and belief, the parties, Paper Sales USA Inc. and Recycling Paper Partners of Pennsylvania, LLC a/k/a Recycling Paper Partners of PA LLC, are merely members/affiliates of defendant, Huatai USA LLC.

6.      Pursuant to the contract(s) between the parties, all defendants named herein have bound themselves as liable to the plaintiff via the bill(s) of lading and/or the invoice(s), and, as beneficial owner(s) of the cargo hereinquestion.

7.      Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

1.      Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2.      On or about  April 25, 2017 through April 11, 2020, and at all times relevant herein, certain goods belonging to defendant(s) were delivered to plaintiff who arranged and assumed common carrier responsibility to dray, load, and transport defendant(s)' goods via ocean freight and via intermodal means appurtenant thereto, to the port(s) of and/or final destination designated by defendant(s) pursuant to the bill(s) of lading, which acted as the contract(s) of carriage entered between plaintiff and defendant(s).

3.      Pursuant to the contract(s), published tariff(s) and/or bill(s) of lading documents applicable between the parties, and, pursuant to the terms and conditions of the bill(s) of lading by and between the parties, all of the named defendant(s) were and are within the ambit

of the definition of "Merchant" set forth in the bill(s) of lading, either as "... shipper, holder, consignee, receiver of the goods, any person or entity owning or entitled to the possession of the goods or of the bills of lading and anyone acting on behalf of such persons or entities.  As such, and as more particularly described in the bill(s) of lading, the defendants agreed to pay all freight, drayage, loading and other charges incident to the transportation of defendant(s)' goods to the destination port(s) and/or their ultimate destination(s).

4.     Plaintiff's bill(s) of lading served as defendant(s)' document(s) of title, receipt(s) of the goods transported by plaintiff, and contract(s) of carriage between plaintiff and defendant(s).  As such, plaintiff's bill(s) of lading formed the basis for defendant(s) securing  the goods from its supplier(s) at the point(s) of shipment to the point(s) of destination.

5.     Defendant(s)' goods were transported pursuant to defendant(s)' instructions, to the port(s) of destination requested and defendant(s)'s goods were received.

6.     Plaintiff has duly performed all duties and obligations required to be performed by plaintiff.

7.     Defendant(s) wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreements by, inter alia, failing to pay the costs of carriage of the ocean freight and/or per diem charges, overland freight, detention, demurrage, and/or other associated costs accrued on the cargoes, all as duly invoiced by plaintiff to defendant(s).

8.     As a result of Defendant(s)' breach of the agreements between the parties, plaintiff has incurred, and will continue to incur, costs and expenses for which defendant(s) is(are) liable under the terms of the governing contracts and at law.

9.     Plaintiff has placed defendant(s) on notice of their claim that defendant(s)

4

has(have) breached the subject agreements and violated plaintiff's rights under the law.

10.    Plaintiff, having reviewed its books and records in the ordinary course of business have found no payment(s), credit(s) or set-off(s) as against the amounts due set forth herein. Despite plaintiff's repeated demands, defendant(s) has(have) failed to pay the plaintiff's damages due and owing under the agreements and at law.

11.    By reason of the foregoing, plaintiff have sustained damages in the principal amount of $1,751,520.73, together with interest, costs, fees, including reasonable attorneys' fees and expenses, for which Plaintiff is entitled pursuant to the terms and conditions of the bill(s) of lading.

## AS AND FOR A SECOND CAUSE OF ACTION

1.    Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2.    Defendants have an account stated with the plaintiff, and said invoice(s), bill(s), and account statement(s) as to the amount(s) due, have been sent to the defendants, to no avail.

3.    By reason of the foregoing, plaintiffs have sustained damages in the principal amount of $1,751,520.73, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION

1.    Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2.    Plaintiff are due from defendant(s) the *quantum meruit* of plaintiff 's services.

## AS AND FOR A FOURTH CAUSE OF ACTION

1.      Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2.      There is due from the defendant(s), the principal sum of $1,751,520.73, on a certain book account, and, defendant(s) have been made aware of the past due account(s) on said book account, to no avail.

3.      Payment of the aforesaid sum has been demanded and refused.

### AS AND FOR A FIFTH CAUSE OF ACTION

1.      Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2.      Plaintiff sues the defendant(s) for services rendered by the plaintiff to defendant(s), upon the promise by the defendant(s) to pay the agreed amounts.

3.      Payment has been demanded and refused.

### AS AND FOR A SIXTH CAUSE OF ACTION

1.      Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2.      Defendant(s) herein received the goods hereinquestion without making payment to plaintiff for plaintiff's ocean freight and related services.

3.      The defendant(s)' failure to make payment in such regard is intentional.

4.      The defendant(s)' actions in such regard have caused a severe economic detriment to the plaintiff.

5.      The defendant(s)' actions in such regard represent an unjust enrichment to the benefit of the defendant(s) and to the severe economic detriment of the plaintiff.

## AS AND FOR A SEVENTH COUNT

1.      Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs, as if specifically set forth herein at length.

2.      There is due from the defendant(s), the principal sum of $1,751,520.73.

3.      Pursuant to terms of the Bill of Lading contract(s) between the parties, defendant(s) agreed to be liable to plaintiff for attorney fees, costs and/or expenses arising from any failure by defendant(s) to comply with the obligations of the Bill of Lading contract(s) or in any way related to the goods or container(s) or which result from the acts or omissions of the defendant(s), their agents, servants or third parties for whom defendant(s), their agents or servants are responsible.

4.      Defendant(s) failures constitute breach(es) of the Bill of Lading contract(s).

5.      Defendant(s) failure to make payment upon demand constitutes a breach of the Bill of Lading contract(s).

6.      Defendant(s) failure to resolve this matter amicably has forced plaintiff to bring this action to enforce the terms, covenants or conditions of the Bill of Lading contract.

7.      Plaintiff is entitled to recover from defendant(s) reasonable attorney's fees, together with costs of suit.

8.      30% of the principal claim, or $525,403.71, constitutes reasonable attorney's fees for which defendant(s) are responsible to the plaintiff.

## DAMAGES

By reason of the foregoing, plaintiff has sustained damages in the principal amount of $1,751,520.73; plus attorney's fees, pursuant to the contract(s), of $525,456.21, representing 30% of the principal amount due; for a total of $2,276,976.94.

WHEREFORE, plaintiff prays for:

A.      Judgment in favor of the plaintiff in the amount of plaintiff's principal damages of $1,751,520.73; plus attorney's fees, pursuant to the contract(s), of $525,456.21, representing 30% of the principal amount due; for a total of $2,276,976.94, together with interest thereon, as well as costs and disbursements;

B.      Judgment in favor of the plaintiff for punitive damages for breach of contract and unjust enrichment;

C.      That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant(s) citing it to appear and answer all the singular matters aforesaid;

D.      That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

                                        **LAW OFFICES OF BRYAN D. PRESS**


                                        BY:  _/s/  BRYAN D. PRESS, ESQ._____
                                               BRYAN D. PRESS - BP0286
                                               Attorney for Plaintiff
                                               PO Box 246
                                               Fair Lawn, NJ  07410
                                               (201) 532-3477

Dated:  January 21, 2021


8