UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MAERSK AGENCY U.S.A., INC., AS AGENT FOR CARRIER MAERSK LINE A/S dba MAERSK LINE<br>Plaintiff,<br><br>v.<br><br>HUATAI USA LLC; PAPER SALES USA INC.; and RECYCLING PAPER PARTNERS OF PENNSYLVANIA, LLC a/k/a RECYCLING PAPER PARTNERS OF PA LLC<br><br>Defendants. | Civil Action No. 21-cv-01005 (SRC)<br><br>OPINION |

**CHESLER, U.S.D.J.**

This matter comes before the Court on Plaintiff's motion for default judgment as to Defendants Huatai USA LLC, Paper Sales USA Inc., and Recycling Paper Partners of Pennsylvania, LLC a/k/a Recycling Paper Partners of PA LLC (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons that follow, the motion will be granted as to liability, and further referred to the Magistrate Judge for a proof hearing to determine Plaintiff's damages.

Fed.R.Civ.P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted.[1] In the Third Circuit, "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before granting default judgment, a district court must consider whether "the unchallenged facts constitute

---

[1] The record indicates that each Defendant was served on March 26, 2021, none have appeared in the action, and default against Defendants was entered on May 5, 2021.

DRAFT

a legitimate cause of action, since a party in default does not admit mere conclusions of law." J&J Sports Prods., Inc. v. Ramsey, 757 F. App'x 93, 95 (3d Cir. 2018). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

The Complaint alleges that between April 25, 2017 and April 11, 2020, Plaintiff transported or arranged to be transported Defendants' goods subject to the terms and conditions identified in various contracts and bills of lading. (ECF No. 1 ("Complaint") at First Cause of Action ¶¶ 2–5.) While Plaintiff performed under the agreements, Defendants failed to pay Plaintiff for its services. (Complaint at First Cause of Action ¶¶ 6–10.) The Court finds that these factual allegations, now taken as true, constitute a legitimate cause of action.[2] The motion for default judgment will be granted to the extent that a Judgment by default in favor of Plaintiff and against Defendants shall be entered.

The Court may decide damages without a hearing "as long as the court ensures that there is a basis for the damages specified in the default judgment." Days Inns Worldwide, Inc. v. Panchal, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (internal quotation marks and alterations omitted). Plaintiff seeks $2,276,976.94, consisting of $1,751,520.73 in principal and $525,456.21 in attorneys' fees, plus $630 in costs, and interest. In support of its application, Plaintiff has submitted certifications and various exhibits, the latter of which are unlabeled, unexplained, and in part illegible. (See ECF Nos. 5-4–6 (Exhibits A, B, and C).) These are

---

[2] Plaintiff seeks relief against Defendants pursuant to claims of: Breach of contract, account stated, quantum meruit, open book account, and unjust enrichment. (Complaint at 3–7.)

DRAFT
plainly inadequate to corroborate Plaintiff's damages request. Furthermore, while Plaintiff is entitled to reasonable attorneys' fees pursuant to the parties' agreements,[3] Plaintiff has failed utterly to verify that its ask—30% of the principal balance due from Defendants—is in any way reasonable. Indeed, it seems likely that the $525,456 which Plaintiff seeks in fees is unreasonable given the litigation's brief procedural history.

Because Plaintiff has not adequately demonstrated that its claim for damages is readily and accurately calculable, the question of damages shall be referred to the Magistrate Judge for determination at a proof hearing. See Fed.R.Civ.P. 55(b)(2) (the Court may "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages").

For these reasons, Defendant's motion will be granted in part. The Court will file an appropriate Order.

    s/ Stanley R. Chesler
Stanley R. Chesler
United States District Judge

Dated: June 25, 2021

---

[3] The conclusion that Plaintiff is entitled to reasonable attorneys' fees is contingent upon Plaintiff's successful demonstration at a proof hearing that the document entitled "Terms for Carriage," attached without explanation as Exhibit C to the Certification as to Military Service and Amount Due, governs the contracts at issue.